SIGNED.

Dated: September 13, 2012

*James M. Marlar*

**James M. Marlar, Chief Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re: | Chapter 13 |
|---|---|
| MONA LUCILLE HYMEL, | No. 4:10-bk-18380-JMM |
| Debtor. | **MEMORANDUM DECISION** |

The dispute before the court arises in connection with a claim filed by GMAC Mortgage, LLC, and the impact of the chapter 13 proceeding upon (1) pre-petition arrears, and (2) post-petition arrears.

As for the former, any confirmed chapter 13 plan will deal with the repayment of that amount, to the extent not cured. In that regard, the chapter 13 Trustee will collect and pay, to GMAC, all post-petition payments through the "conduit." This statement, of course, applies only if the Debtor has any pre-petition arrearages.

As to the second point, the issue is whether the parties' April stipulation, and the order approving it, governs the case henceforth (ECF Nos. 97 and 99).

## PROCEDURAL FACTS

### A. In General

The Debtor filed a chapter 7 proceeding on June 11, 2010. After the U.S. Trustee challenged the eligibility to file a chapter 7, the Debtor voluntarily converted her to case to one

under chapter 13. The case became a chapter 13 proceeding, by order dated February 8, 2011 (ECF No. 47).

The Debtor filed a chapter 13 plan on April 26, 2011 (ECF No. 58). A few months later, on July 14, 2011, the Debtor filed an amended plan (ECF No. 75). To date, no plan has yet been confirmed, despite the Debtor having been in a chapter 13 proceeding for one year, seven months--and counting.

## B. The Amended Plan

The plan before the court is standard (ECF No. 75). It essentially provides that the Debtor will maintain her post-petition payments (which this courts interprets as being from June 11, 2010) on a current basis. Indeed, this is what the law requires her to do. 11 U.S.C. § 1322(b)(2). See ECF No. 75 at 2, 3.

Any pre-petition arrearages are to be paid through the payments received by the Trustee. Id.; § 1322(b)(5).[1]

Thus, the plan, as it affects GMAC, complies with the law. It now needs to move, quickly, to confirmation or dismissal.

## C. The April Stipulation and the April 17, 2012 Order

Sometime in early 2012, the Debtor apparently failed to make two ongoing, regular mortgage payments. As a result, GMAC filed a stay relief motion (ECF No. 62). It alleged a two-payment default, for March 1 and April 1, 2011.[2]

---

[1] At a hearing on March 12, 2012, Mr. Solot noted that, "There was no default when the case was filed" (ECF No. 94). This statement was not challenged, but endorsed.

[2] This may have been a typographical error, as the later stipulation noted that the defaults occurred on February 1, 2012 and March 1, 2012. See April Stipulation (ECF No. 97).

That motion was resolved by a stipulation between the parties, which acknowledged a post-petition arrearage (and attorney fee obligation) of $2,864.60 (ECF No. 97 at 2, lines 11-14). This sum was to be cured by the additional payment (added to the ongoing, regular monthly payment) of $477.43 per month, for a period of six months. The last such payment is due September 15, 2012, "when all post-petition arrears due and owing under the note . . . are paid in full." (ECF No. 97 at 2, para. 3) (emphasis supplied). In addition, the stipulation provided appropriate remedies to address possible future defaults.

The court approved the parties' stipulation, which resolved the GMAC stay relief motion, on April 17, 2012 (ECF No. 99).

## **OBJECTION TO CLAIM NO. 11**

In an effort to address the Trustee's recommendation, and to clear up the record so that a viable and understandable confirmation order can be lodged, the Debtor filed an objection to GMAC's claim no. 11, contending that the stipulation addressed and resolved the question of post-petition arrearages.

But here is the rub.

In opposing the Debtor's objection, GMAC asserts that it had an additional $8,907.74 post-petition arrearage due for November 1 and December 1, 2010, plus assorted fees, costs, etc. (ECF No. 11, para. 10).

GMAC maintains that these arrearages were not a part of the stipulation of April, 2012 and the April 17, 2012 court order.

The Debtor maintains that GMAC is bound by its April, 2012 stipulation, which, on its face and within its four corners, purported to encompass all post-petition arrearages.

## **DISCUSSION**

Support for the Debtor's position is bolstered by the GMAC motion for stay relief (ECF No. 65), which--while seeking relief for two payments worth of post-petition arrearages--failed to mention, allude to or hint at <u>any</u> <u>other</u> post-petition arrearage.

GMAC argues that the resolution of the motion for stay relief only addressed two payments of the six actually owed (compare Ex. C, ECF No. 110, to motion for stay relief, ECF No. 65, and that the Debtor should have filed a separate objection to GMAC's claim no. 11 (which it has now done).

But GMAC has waived the argument that it is entitled to more, for three reasons:

1. When GMAC's counsel, at the final hearing on stay relief, held on March 12, 2012, advised the court that the Debtor was in "post-petition default by 2.5 payments months," (ECF No. 96) and felt it could be resolved, he spoke for his client.

    At the same hearing, Debtor's counsel, too, felt that the Debtor "is probably two months' down."

    Thus, the parties had a meeting of the minds on the amount of arrearages.

2. Had GMAC recognized a mistake, it had the chance to rectify it, before signing off on the stipulation on April 9, 2012 (ECF No. 97 at 4, line 22).

3. GMAC let the order on the stipulation become final, after it was signed on April 17, 2012. No appeal nor other post-order motion was ever filed by GMAC.

Stipulations, made in writing or made orally in open court, are encouraged and binding. <u>See, e.g.,</u> ARIZ. R. CIV. P. 80(d); <u>Crown Life Insurance Co. v. Springpark Associates (Matter of Springpark Associates),</u> 623 F.2d 1377, 1380 (9th Cir. 1980). The policy behind enforcing

them is, of course, to advance disputed proceedings and not require the court and the parties to relitigate issues which have already been decided.

This is just such a case. GMAC agreed, in the April, 2012 stipulation, that its post-petition arrearages were only of a two-month duration. The court approved the stipulation. GMAC has not asked the court to set aside that order, and it is the law of the case.

## **RULING**

The Debtor's objection to GMAC's claim no. 11 is SUSTAINED, and GMAC's objection is OVERRULED. Debtors' counsel shall lodge an appropriate form of order.

DATED AND SIGNED ABOVE.

To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

Attorney for Debtor
Jamin Neil, Attorney for GMAC Mortgage, LLC
Trustee
Office of the U.S. Trustee